IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:18-cr-68 |
| v. | : | |
| | : | Chief Judge Algenon L. Marbley |
| ROBERT DEVON MULLINS, | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court on Defendant Robert Devon Mullins's Motion for Revocation of Detention. (ECF No. 48). For the reasons set forth below, the Motion is **GRANTED** to the extent that the Defendant is released to the custody of the Alvis House as a sanction of the Adult Parole Authority ("APA"). (ECF No. 48).

## I. BACKGROUND

On November 11, 2023, Mr. Mullins was charged with operating a vehicle impaired (OVI) in Franklin County Municipal Court. (ECF No. 48 at 1). His vehicle was also found to contain over 190 grams of cocaine. (*Id.*) On December 21, 2023, he was then indicted for possession and trafficking in cocaine. (*Id.*) Following the arrests, the APA sanctioned Mr. Mullins to serve a 90-term in the Alvis House and complete 10 classes. (*Id.*) The United States Marshals Service ("USMS") arrested Mr. Mullins on January 12, 2024, while he was serving the APA sanction, pursuant to this Court's order dated January 11, 2024. (ECF No. 39). This Court revoked his supervised release and remanded him to the custody of the USMS pending his final revocation hearing before this Court. (ECF No. 45). Mr. Mullins requests this Court release him on the condition that he complete the APA sanction.

1

## II. STANDARD OF REVIEW

Sections 3142 and 3145 of 18 U.S.C. instruct whether pre-trial release is proper. Mr. Mullins requests reconsideration of his detention pursuant to 18 U.S.C. § 3145(b). The relevant factors in determining whether there are conditions of release that will reasonably assure the defendant's appearance without jeopardizing the safety of the community are as follows: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

There is, however, a rebuttal presumption that no set of conditions of release will assure the defendant's appearance or the safety of the community if there is probable cause to believe the defendant committed, among other crimes, a violation of 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the rebuttal presumption is triggered, then the defendant must come forward with "at least some evidence" that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945 (citations omitted). If the defendant presents evidence to rebut the presumption, then the Government must show a risk of flight by a preponderance of the evidence or danger to the community by clear and convincing evidence. *United States v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004).

## III. LAW & ANALYSIS

When a defendant has been found guilty and is awaiting sentencing, he or she must be detained unless the judicial officer finds by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. *United States v. Veloz-Alonso*, 910

F.3d 266, 267 (6th Cir. 2018) (citing 18 U.S.C. § 3143(a)(1)). Under 18 U.S.C. § 3143(a)(1), the Government is not required to make an initial showing of dangerousness; rather, the statute presumes dangerousness and the criminal defendant must overcome this presumption. *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. Jul. 15, 2020) (citing *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)).

If, however, a defendant has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A)-(C),[1] then the defendant must be detained pending sentencing unless the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2).[2] A person subject to detention pursuant to 18 U.S.C. § 3143(a)(2), who meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1) or (b)(1)[3], may be ordered released if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c).

In this case, Mr. Mullins conditions his request on this Court releasing him to complete his APA sanction, i.e. complete his rehabilitation program at the Alvis House. Upon the completion of his term, he requests that this Court decide whether to hold the final revocation hearing, release him on further conditions, or remand him back into the custody of the USMS. (ECF No. 48 at 2).

The Government argues that the record establishes that Mr. Mullins has relapsed into drug trafficking, not necessarily into his own personal addictions. (ECF No. 49 at 3). It highlights that

---

[1] Generally speaking, those subparagraphs describe offenses for which the maximum sentence is life in prison or death, and crimes of violence or drug offenses for which a maximum term of imprisonment of ten years or more.
[2] 18 U.S.C. § 3143(a)(2)(a)(ii), which allows a judicial officer to release a defendant pending sentencing if the attorney for the Government has recommended that no sentence or imprisonment be imposed on the person and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community, does not apply in this case.
[3] 18 U.S.C. § 3143(b)(1) does not apply to this case since that provision covers release pending appeal by the defendant

his multiple infractions during the "couple of months with Mullins released into the community [prove that] he reinvolved himself in criminal activity and put the community at risk." (*Id.* at 2).

### A.  § 3142(g) Factors

*1.  Nature and Circumstances of the Offenses Charged*

Under 18 U.S.C. § 3142(g), the Court first considers "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a firearm." 18 U.S.C. § 3142(g)(1). Here, this charge does not involve a crime of violence or involve a firearm. Mr. Mullins was convicted on possession and trafficking charges. This factor weighs against detention.

*2.  Weight of the Evidence*

This Court next considers the "weight of the evidence against" Mr. Mullins. 18 U.S.C. § 3142(g)(2). Here, Mr. Mullins was convicted and sentenced by multiple courts. This evidence is uncontested. Accordingly, this Court finds the weight of the evidence against Mr. Mullins weighs in favor of detention.

*3.  Mr. Mullins's History and Characteristics*

This Court next considers "the history and characteristics" of Mr. Mullins, which include the following:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3). Again, Mr. Mullins struggles with addiction, and has already been sanctioned by the APA to complete a treatment plan at Alvis. His conditional history relating to

drug and alcohol abuse factors heavily in this Court's decision and weighs against detention, but in favor of the defendant completing his rehabilitation program at the Alvis House.

### 4. Danger to the Community

This Court next considers "the nature and seriousness of the danger to any person or the community" that would be posed by Mr. Mullins's conditional release. 18 U.S.C. § 3142(g)(4). As previously discussed, Mr. Mullins's crime was not violent. While it is true that he has accrued several infractions while on supervised release, his conditional release into Alvis will prevent further harm to the community while he receives treatment.

## IV. CONCLUSION

Considering the totality of circumstances in this case, the Court finds that Mr. Mullins is in need of treatment. His release to the custody of the Alvis House will remove the danger to the community by restricting his ability move about the community, while addressing his history of addiction. Accordingly, Mr. Mullins is **ORDERED** to the custody of the Alvis House. Upon completion of the defendant's program, but before Defendant is released from the custody of the Alvis House, this Court will reconvene the supervised release revocation hearing. This Court **GRANTS** Defendant's Motion. (ECF No. 48).

IT IS SO ORDERED.

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:  February 1, 2024**